USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2132 UNITED STATES, Appellee, v. EDWIN COLON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Valeriano Diviacchi and Diviacchi Law Office on brief for ____________________ _______________________ appellant. Donald K. Stern, United States Attorney, and Robert E. __________________ __________ Richardson, Assistant United States Attorney, on brief for appellee. __________ ____________________ September 8, 1997 ____________________ Per Curiam. Appellant Edwin Colon was convicted in the ___________ District of Massachusetts of being a felon in possession of a firearm and of possession of an unregistered silencer. We address his two challenges. 1. Jury selection __________________ Appellant argues the district court committed reversible error when it allowed the government to exercise a seventh peremptory challenge in violation of Rule 24(b) of the Federal Rules of Criminal Procedure. Rule 24(b) prohibits granting additional peremptory challenges to the government. New England Enterprises, Inc. _____________________________ v. United States, 400 F.2d 58, 68 (1st Cir. 1968). Thus, it ________________ was error for the district judge to grant an additional challenge to the government. Yet a reversal is not in order unless the issue was preserved for appeal. Id.  ___ In United States v. Projansky, 465 F.2d 123 (2d Cir. ___________________________ 1972), the court explained what was required in order to preserve the issue for appeal. In that case, the defendants' counsel did object to the government's receipt of additional challenges, yet counsel did not state the grounds for the objection or mention Rule 24(b). Id. at 140. The court held ___ that since counsel had not alerted the district court to the restrictions of Rule 24(b), counsel had not preserved the issue for appeal. Id. ___ -2- Similarly, defendant's counsel here did not alert the judge to the reason for her objection. She did not cite Rule 24(b) or argue that the court lacked authority to grant the additional challenge. Instead, she only argued that it was "unfair." This is not sufficient under New England ____________ Enterprises and Projansky. The judgment of conviction will ___________ _________ be affirmed. 2. Sentencing ______________ Secondly, appellant argues the district court erred in finding he "used or possessed" a firearm in connection with another felony (possession of cocaine with intent to sell), and so the court should not have enhanced his base offense level under U.S.S.G. 2K2.1(b)(5).  The firearm in question--a loaded, .22 caliber revolver- -was located in defendant's nightstand in the master bedroom. The district court's conclusion that the loaded revolver was kept to protect the cocaine stored in the house is reviewed for clear error. United States v. Thompson, 32 F.3d 1, 4 __________________________ (1st Cir. 1994). We find none. It is reasonable to conclude that the defendant kept the revolver in his nightstand to protect his valuables, including his cocaine, should someone break into his home. This court must also determine whether the keeping of a revolver to protect a supply of drugs meets the requirement of U.S.S.G. 2K2.1(b)(5) that the firearm be used or -3- possessed "in connection with" a felony. Review of an interpretation of a Sentencing Guideline is de novo. _________ Thompson, 32 F.3d at 4. ________ In United States v. Brewster, 1 F.3d 51 (1st Cir. 1993), _________________________ we examined when a firearm is possessed "in connection with" drug trafficking under U.S.S.G. 2K2.1(b)(5). We held that some nexus between the firearm and the other felony is required, but that the language of the Guideline should be interpreted broadly. Brewster, 1 F.3d at 54-55. "The ________ combination of firearms and drugs is common, and the guideline encompasses the many logical links which exist between the use of firearms and drugs." Thompson, 32 F.3d at ________ 8. Here, a logical link exists between the storing of a large amount of cocaine for purposes of sale and the keeping of a loaded revolver to protect those drugs from theft. The district court did not commit error when it enhanced Colon's base offense level pursuant to U.S.S.G. 2K2.1(b)(5). AFFIRMED. _________ -4-